BLD-228                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1236
_____

CHARLES TALBERT,
                                              Appellant

v.

CORIZON MEDICAL;
Ms. M. TREMBLE;
Ms. GAY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-05177)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 8, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Charles Talbert, proceeding in forma pauperis, appeals from the District Court's order denying his requests for a preliminary injunction.[1] For the reasons set forth below, we will summarily affirm the judgment of the District Court.

I.

In 2014, Talbert filed this 42 U.S.C. § 1983 action against the defendants for allegedly ignoring his medical needs, causing him undue suffering.[2] He then filed several motions for a preliminary injunction to require the defendants to address one of his medical needs: the reversal of his ileostomy. He alleged that he scheduled the surgery several times in 2013 and 2014, but the defendants prevented him from attending the appointments. The District Court held a preliminary injunction hearing on January 7, 2015. Dr. Bruce Blatt, an employee of defendant Corizon Medical who has examined Talbert's ileostomy, testified at the hearing, and Talbert cross-examined him. After the hearing, the District Court denied Talbert's motions for a preliminary injunction. Talbert timely appealed.

---

[1] Several months after Talbert appealed the denial of his preliminary injunction motions, the District Court appointed counsel for him. Although counsel recently entered an appearance in this appeal, Talbert's filings, which predated his appointment of counsel, were drafted pro se.
[2] Talbert is a pre-trial detainee at the Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania,

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1292, and "[w]e review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks omitted). Such deferential review "is appropriate because a court nearly always bases the grant or denial of an injunction on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury." Klitzman, Klitzman & Gallagher v. Krut, 744 F.2d 955, 958 (3d Cir. 1984); see also Duraco Prods., Inc. v. Joy Plastic Enters., Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994) (noting that we review factual findings for clear error, "which occurs when we are left with a definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

A court ruling on a motion for a preliminary injunction must consider the following four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

3

Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (quoting ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)). The District Court denied Talbert's motion because he failed to show irreparable harm. Specifically, the District Court credited Dr. Blatt's testimony that Talbert's ileostomy was functioning well and there was no emergent need to reverse it. Indeed, Dr. Blatt testified that reversing the ileostomy would be an elective procedure. Talbert produced no evidence to undermine Dr. Blatt's testimony or otherwise adequately demonstrate irreparable harm.

In support of his appeal, Talbert argues that his condition "may" have deteriorated. He also alleges other speculative or remote harms. But an injunction will not issue "to eliminate a possibility of a remote future injury." Cont'l Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (internal quotation marks omitted). Injunctive relief is appropriate only when there is a "clear showing of immediate irreparable injury[] or a presently existing actual threat." Id. (internal quotation marks and citation omitted). Talbert makes no such showing. Nor has he demonstrated that the District Court committed clear error in its factual findings or otherwise abused its discretion. See Duraco Prods., Inc., 40 F.3d at 1438.

### III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.